UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VANESSA WANG,
    Plaintiff,

v.

FOOTE SCHOOL ASSOCIATION INC., et al.,
    Defendants.

No. 3:22-cv-01127 (SRU)

## ORDER

Vanessa Wang ("Wang"), proceeding *pro se*, commenced this civil rights lawsuit against Foote School Association Incorporated (the "Foote School"), the school her minor daughter attends. *See* Compl., Doc. No. 1. In addition, Wang named as defendants several of the Foote School's current and former administrators, Carol Maoz ("Maoz"), Alewa Cooper ("Cooper"), David Sklar ("Sklar"), and Chrissy Khachane ("Khachane"). *Id*.

On August 14, 2023, I granted the defendants' motion to dismiss Wang's complaint for lack of federal subject matter jurisdiction, and granted Wang leave to amend her complaint. *See* Doc. No. 81. Wang has since filed an amended complaint. For the reasons that follow, Wang's amended complaint, doc. no. 87, is dismissed without prejudice to Wang bringing her claims in state court.

**I.**     **Background**

Wang commenced this lawsuit on September 6, 2022, asserting eighteen causes of action against the defendants. *See generally* Compl., Doc. No. 1. Principally, she avers that the Foote School violated her constitutional rights by interfering with her parental rights and right to privacy. *Id.* Further, she alleges race and disability discrimination. *Id.* For those alleged violations, she asserts claims under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, Title IV of the

Civil Rights Act of 1964, Title IX of the Civil Rights Act of 1964, the American with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Equal Educational Opportunities Act of 1974, and several state civil and criminal statutes. *Id.* Wang's claims arise out of the defendants' alleged decision to forbid Wang from entering onto the Foote School's campus to visit her child, and their refusal to provide Wang with access to her child's educational records. Am. Compl., Doc. No. 87, at ¶¶ 65-66, 71-77.

Months later, on December 12, 2022, Wang moved for a temporary restraining order and preliminary injunction. *See* Pl. Mot. for TRO, Doc. No. 30. In response, I issued an order to show cause, ordering the defendants to file a response by December 22, 2022, explaining why the motion for a temporary restraining order should not be granted. *See* Order to Show Cause, Doc. No. 32. Shortly thereafter, the defendants filed an objection to the motion for a restraining order, doc. no. 34, and a motion to dismiss, doc. no. 35, arguing, *inter alia*, that this Court lacks subject matter jurisdiction. Specifically, the defendants argued that this Court should abstain from exercising jurisdiction, citing the *Rooker-Feldman* and *Younger* doctrines.

On August 14, 2023, I granted the defendants' motion to dismiss, explaining that either *Rooker-Feldman*, *Younger*, or general principals of abstention deprives this Court of jurisdiction to hear Wang's claims. *See* Doc. No. 81, at 17. In light of the Wang's pro se status, however, I granted her leave to amend her complaint. *Id.*

On October 3, 2023, Wang filed an amended complaint, doc. no. 87. On October 13, 2023, the defendants objected to Wang's amended complaint, arguing that Wang failed to cure the jurisdictional defects in her complaint that led the Court to abstain, and moved for entry of judgment in their favor on the same grounds. *See* Objection, Doc. No. 88; Mot. for Judgment, Doc. No. 89.

2

## II.  STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A party who seeks to invoke a court's jurisdiction bears the burden of establishing that it exists by alleging facts to demonstrate that the legal basis for the dispute allows it to be adjudicated in federal court. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Although I "accept as true all material allegations of the complaint, and … construe the complaint in favor of the complaining party," I may consider materials outside the record for the purpose of determining whether subject matter jurisdiction exists. *Id.* (quoting *Warth*, 522 U.S. at 501). I may also consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Ass'n.*, 745 F. Supp. 2d 176, 198 (E.D.N.Y. 2010) (cleaned up). If the documents contradict the allegations of the complaint, the documents themselves control and I need not accept as true any contradictory allegations concerning those documents. *Id.*

## III.  Discussion

In my August 14, 2023 decision dismissing Wang's initial complaint, doc. no. 81, I explained that the *Rooker-Feldman* doctrine, *Younger* abstention, and general abstention principles counseled in favor of abstaining from exercising jurisdiction over Wang's complaint, which in essence asked this Court to get involved in an a family law dispute, an area of law that is exclusively the province of state courts. As I explained in that order, the *Rooker-Feldman* doctrine is named for two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which held

that federal district courts cannot hear cases that are *de facto* appeals of final state court decisions. *See* Doc. No. 81, at 7-11. *Younger* abstention refers to another Supreme Court case, *Younger v. Harris*, 401 U.S. 37 (1971), which held that federal courts may abstain from hearing cases that would interfere with ongoing state proceedings that implicate important state interests, such as family law disputes. *Id.* at 11-14. However, I could not determine that either of these doctrines squarely applied to Wang's complaint because it was impossible to determine, based on the information Wang provided to the Court and that was publicly available, whether the protective orders issued by the state court that Wang was essentially challenging were final or subject to ongoing appeals. *Id.* Nonetheless, I concluded that general abstention principles, including respect for federalism and the state's interest in family law matters, counseled in favor of declining to exercise jurisdiction over this case, which at its core was a lawsuit asking this Court to interpret and potentially invalidate a determination of child custody. *Id.* at 15-16.

      As the defendants point out in their objection to Wang's amended complaint, Wang has not provided the Court with any clearer of a picture of the state court orders that she appears to be challenging. Doc. No. 88, at 8-9. Though she has amended her complaint to add some further information about court orders affecting her custody of her child, she continues to omit reference to or make only indirect reference to others. *See, e.g.,* Am. Compl., Doc. No. 87, at ¶¶ 53-54, 66, 73 (failing to mention that the state court modified Wang's custody by court order in May 2019, *see V. V. v. V. V.*, 218 Conn. App. 157, 161 (2023), making only indirect reference to an August 29, 2019 court order, but adding reference to a September 24, 2019 temporary order). And, as explained previously, I cannot access the family court dockets that are listed on the protective orders that have been provided to the court. Doc. No. 88, 11 n.7. Therefore, it remains impossible for me to achieve a full understanding of the status of the potentially ongoing family

court litigation to which Wang's complaint relates, and thus to determine whether *Rooker-Feldman* or *Younger* clearly applies.

However, the lack of clarity that Wang's amended complaint provides about the underlying family court litigation highlights why the fundamental purpose of abstention still applies with strong force to Wang's claims. Despite the additional language that Wang has added to her complaint insisting that she is not seeking review of state court orders and her claims do not arise out of her "dissatisfaction with the outcomes of the custody proceedings", *see* doc. no. 87 at ¶¶ 8-9, other additions to Wang's amended complaint make clear that she is asking the Court to interpret the meaning of ambiguous state court custody orders, for which this court does not even have full context. *See* Doc. No. 87, at ¶ 55 (asking the court to interpret the meaning of "interference" within a court order forbidding Wang from interfering with her ex-husband's custody of the child or the educational program of the child). Otherwise, Wang has largely made only stylistic and non-substantive revisions to her complaint, and she asserts the exact same eighteen causes of action.

Wang's amended complaint does not rid me of my strong impression that, though styled as a civil rights lawsuit, Wang's purpose is primarily to obtain a ruling interpreting or modifying state custody orders in such a way that she can achieve access to her child. *See* Prayer for Relief, Doc. No. 87, at 72 (requesting that the court "[r]einstate Plaintiff as a parent of V.V. at the Foote School"). That is fundamentally a family law matter. As the Fifth Circuit has cautioned, "there is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987). Therefore, I conclude that this case presents an "exceptional circumstance" in which abstention is warranted

5

by consideration of "regard for federal-state relations" as well as "wise judicial administration." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal citations omitted).

## IV.     Conclusion

For the reasons described herein, Wang's amended complaint, doc. no. 87, is dismissed without prejudice to Wang bringing her claims in state court. The clerk is instructed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of February 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
